IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY L. LIVINGSTON, | : | |
| Plaintiff, | : | 1:15-cv-2241 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| LEWISBURG PENITENTIARY | : | |
| SMU STAFF, | : | |
| Defendant. | : | |

## MEMORANDUM

### December 22, 2015

Anthony L. Livingston ("Livingston"), a federal inmate formerly confined at the United States Penitentiary at Lewisburg, Pennsylvania, filed this *Bivens*-type civil rights action on November 23, 2015, naming the Lewisburg Penitentiary SMU Staff as the sole defendant.[1] (Doc. 1). This Court will grant Livingston's motions (Docs. 2, 11) for the sole purpose of the filing of the action and, for the reasons explained below, dismiss the complaint without prejudice for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997(e)(a).

### I.   BACKGROUND

Livingston alleges that the Lewisburg Penitentiary Special Management Unit Staff "placed [him] in body restraints three different times and four point

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

restraints once," which resulted in scars and dark spots on his body.  (Doc. 1, p. 5).

He clearly states that he did not pursue administrative remedies.  (Doc. 1, p 3).  He seeks an award of monetary damages.

## II.   DISCUSSION

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (April 26, 1996), contains an administrative exhaustion requirement for prisoners seeking relief for prison conditions. The statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  "Before filing a federal lawsuit . . . a plaintiff-inmate must exhaust his administrative remedies, even if the ultimate relief sought is not available through the administrative remedy procedures.  *See Booth v. Churner*, 206 F.3d 289, 300 (3d Cir. 2000).  Section 1997e(a) 'specifically mandates' that inmate-plaintiffs exhaust their available administrative remedies. *Nyhuis [v. Reno* 204 F.3d 65] at 73 (internal quotations omitted) [(3d Cir. 2000)].  Therefore, 'it is beyond the power of this court . . . to excuse compliance with the exhaustion requirement.  *Id*.  Accordingly, the Third Circuit has articulated '[o]ur bright line rule is that inmate-plaintiffs must exhaust all available administrative remedies.'

*Nyhuis*, 204 F.3d at 75." *Ahmed v. Sromovski*, 103 F. Supp. 2d 838 842-843 (E.D.Pa. 2000).

Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, it has been recognized that a district court has the inherent power to dismiss *sua sponte* a complain which facially violates a bar to suit.[2] *See Ray v. Kertes*, 285 F.3d 287, 295 n. 5 (3d Cir. 2002) (citing *Booth*, 206 F.3d at 293 n. 2) (noting that "Booth concedes that he did not avail himself of either the intermediate or final review process.") and *Nyhuis*, 204 F.3d at 66 (stating that plaintiff "argues that he did not avail himself of the administrative process because it could not provide him with two of the three forms of relief that he seeks in the present action")).

The Federal Bureau of Prisons ("BOP") Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP–9 Request to "the institution staff member

---

[2]As a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the complaint.  *See, e.g., Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).

designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP–9 Request may submit a BP–10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP–11 form within 30 days of the day the Regional Director signed the response. *Id.* Appeal to the General Counsel is the final administrative appeal. *Id.* If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Livingston clearly states that he did not exhaust the BOP's administrative remedy process. (Doc. 1, p. 3). Because he failed to avail himself of the administrative remedy process prior to commencing his action in federal court, his claim is foreclosed. The complaint will be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

### III. CONCLUSION

An appropriate order will enter dismissing the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

4